SEND
ENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY C. WILLIAMS, | ) Case No. EDCV 06-0733-RC |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM DECISION AND ORDER |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Lucy C. Williams filed a complaint on July 18, 2006, seeking review of the Commissioner's decision denying her applications for disability benefits. The Commissioner answered the complaint on November 14, 2006, and the parties filed a joint stipulation on January 18, 2007.

**BACKGROUND**

**I**

On May 18, 2004, plaintiff filed an application for disability

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in the action.

benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and an application for disability benefits under the Supplemental Security Income program of Title XVI of the Social Security Act, 42 U.S.C. § 1382(a), claiming an inability to work since July 28, 2003, due to carpal tunnel syndrome, urethral fibroid tumors and diabetes. Certified Administrative Record ("A.R.") 43, 46-48, 65, 252-55. The plaintiff's applications were initially denied on August 20, 2004, and were denied again on November 24, 2004, following reconsideration. A.R. 17-21, 26-32. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge F. Keith Varni ("the ALJ") on February 10, 2006. A.R. 33, 263-80. On April 3, 2006, the ALJ issued a decision finding plaintiff is not disabled. A.R. 8-13. The plaintiff sought review by the Appeals Council, which denied review on May 25, 2006. A.R. 4-7.

**II**

The plaintiff was born on February 6, 1959; she is currently 48 years old. A.R. 46, 253, 266. She is a high school graduate who attended one year of college and has previously worked as a cashier, hair stylist and security guard. A.R. 66-67, 72, 83-89, 266, 268.

Between August 27, 2004, and April 25, 2005, plaintiff received mental health treatment at the Department of Behavioral Health in San Bernardino, California.[2] A.R. 206-19. Benjamin Barnes, Ph.D., a clinical psychologist, initially examined plaintiff and found she was

---

[2] Although plaintiff has both mental and physical complaints, she only challenges the ALJ's assessment of her mental condition.

depressed, had a flat affect and fair insight and judgment, she had concentration and short-term memory problems, she got confused and she had a hard time focusing. A.R. 215. For these reasons, Dr. Barnes referred plaintiff for further treatment. A.R. 213, 215. On October 13, 2004, Emmanuel Prepetit, M.D., examined plaintiff, diagnosed her with a major depressive disorder, determined her Global Assessment of Functioning ("GAF") to be 40,[3] and prescribed Prozac[4] and Trazodone[5] for her. A.R. 211. Dr. Prepetit continued to treat plaintiff and subsequently increased her Prozac dosage and prescribed Zyprexa[6] for her. A.R. 206-10.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability

---

[3] A GAF of 40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school). American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000).

[4] "Prozac is prescribed for the treatment of [major] depression — that is, a continuing depression that interferes with daily functioning." The PDR Family Guide to Prescription Drugs, 554 (8th ed. 2000).

[5] Trazodone, also called Desyrel, "is prescribed for the treatment of depression." Id. at 198, 690.

[6] "Zyprexa helps manage symptoms of schizophrenia and other psychotic disorders." The PDR Family Guide to Prescription Drugs at 773.

3

benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

The claimant is "disabled" for the purpose of receiving benefits under the Social Security Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20

4

C.F.R. §§ 404.1520(d), 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).

Where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments.  <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154 F.3d 913, 914 (9th Cir. 1998) (per curiam).  First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work.  20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(2-4), 416.920a(c)(2-4).  Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. §§ 404.1520a(d), 416.920a(d).  Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing.  20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding

plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§§ 404.1520a(c)(3), 416.920a(c)(3)]." 20 C.F.R. §§ 404.1520a(d)(3), (e)(2), 416.920a(d)(3), (e)(2).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. (Step One). The ALJ then found plaintiff has a "very questionably 'severe' impairment involving the musculoskeletal system and from alleged carpal tunnel syndrome"; however, she does not have a severe mental impairment. (Step Two). The ALJ also found plaintiff does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff can perform her past relevant work; therefore, she is not disabled. (Step Four).

**IV**

The Step Two inquiry is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290; Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). Including a severity requirement at Step Two of the sequential evaluation process "increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Bowen v. Yuckert, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L. Ed. 2d 119 (1987). However, an overly stringent application of the severity requirement violates the Act by denying benefits to claimants who meet

6

the statutory definition of disabled.  <u>Corrao v. Shalala</u>, 20 F.3d 943, 949 (9th Cir. 1994).

A severe impairment or combination of impairments within the meaning of Step Two exists when there is more than a minimal effect on an individual's ability to do basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a); <u>Webb</u>, 433 F.3d at 686.  Basic work activities are "the abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling, as well as the capacity for seeing, hearing and speaking, understanding, carrying out, and remembering simple instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b), 416.921(b); <u>Webb</u>, 433 F.3d at 686.  If a claimant meets the burden of demonstrating she suffers from an impairment affecting her ability to perform basic work activities, "the ALJ *must* find that the impairment is 'severe' and move to the next step in the SSA's five-step process."  <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1160 (9th Cir. 2001) (emphasis in original); <u>Webb</u>, 433 F.3d at 686.

Here, plaintiff contends the Step Two finding that she does not have a severe mental impairment is not supported by substantial evidence since the ALJ did not properly consider the opinions of her treating and examining physicians.[7]  The plaintiff is correct.

---

[7] Although plaintiff describes Dr. Barnes as a treating psychologist, Jt. Stip. at 3:2-4:8, she does not cite any evidence showing Dr. Barnes saw her more than once, <u>see</u> A.R. 213-

7

1  The medical opinions of treating physicians are entitled to
2 special weight because the treating physician "is employed to cure and
3 has a greater opportunity to know and observe the patient as an
4 individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987);
5 Edlund, 253 F.3d at 1157; see also 20 C.F.R. §§ 404.1527(d)(2),
6 416.927(d)(2) (generally providing more weight is given to treating
7 sources "since these sources are likely to be the medical
8 professionals most able to provide a detailed, longitudinal picture of
9 your medical impairment(s)"). Therefore, the ALJ must provide clear
10 and convincing reasons for rejecting the uncontroverted opinion of a
11 treating physician, Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.
12 2005); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003), and
13 "[e]ven if [a] treating doctor's opinion is contradicted by another
14 doctor, the ALJ may not reject this opinion without providing
15 'specific and legitimate reasons' supported by substantial evidence in
16 the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998);
17 Bayliss, 427 F.3d at 1216. Likewise, the ALJ "must provide 'clear and
18 convincing' reasons for rejecting the uncontradicted opinion of an
19 examining physician[,]" Lester v. Chater, 81 F.3d 821, 830 (9th Cir.
20 1995), and "[e]ven if contradicted by another doctor, the opinion of

---

16; therefore, Dr. Barnes is properly considered an examining physician. See Duyck v. Chater, 907 F. Supp. 338, 342 (D. Or. 1995) (Physician's "one-time examination of [plaintiff] does not qualify him as a 'treating physician.'"). On the other hand, Dr. Prepetit, who saw plaintiff on at least 6 occasions over a 7-month period and prescribed medication to her, A.R. 206-12, clearly is a treating physician. Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994); see also 20 C.F.R. §§ 404.1502, 416.902 (A treating physician is any physician who "has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant].").

8

an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

Here, the ALJ found in Step Two that plaintiff does not have a severe mental impairment, concluding plaintiff has "no restriction of her activities of daily living, no restrictions on social ability, no diminution of concentration, persistence and pace and no evidence of withdrawal behavior."  A.R. 12; see also 20 C.F.R. 404.1520a(d)(1), 416.920a(d)(1) ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe. . . .").  In so doing, the ALJ ignored Dr. Barnes's assessment of plaintiff's depressed state and disregarded Dr. Prepetit's opinions that plaintiff's GAF was 40 and her condition required the medication Dr. Prepetit prescribed.  A GAF score reflects "the clinician's judgment of the individual's overall level" of psychological, social and occupational functioning.  American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. (Text Revision) 2000); Langley v. Barnhart, 373 F.3d 1116, 1122-23 n.3 (10th Cir. 2004).  As noted above, a GAF of 40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant

at home, and is failing at school)."  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000).  Although an ALJ need not discuss a GAF score in all instances, Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002), the ALJ must do so when, as here, he has not provided any rationale for otherwise rejecting a treating or examining physician's or psychologist's opinion of a claimant's overall mental functioning, and such opinion – as expressed in a GAF score – clearly contradicts the ALJ's finding regarding a claimant's mental functioning.  See, e.g., McCloud v. Barnhart, 166 Fed. Appx. 410, 418 (11th Cir. 2006) (per curiam) (Unpublished) ("We are unable to determine from the record what weight the ALJ placed on the GAF score of 45; therefore, we reject the Commissioner's argument that any error was harmless.  With the knowledge that a GAF score of 45 reflects severe impairments, the ALJ should determine what, if any, weight to place on the score."); Lee v. Barnhart, 117 Fed. Appx. 674, 678 (10th Cir. 2004)(Unpublished) ("A GAF score of 50 or less . . . does suggest an inability to keep a job.  In a case like this one, decided at step two, the GAF score should not have been ignored." (citation omitted)).

    The Commissioner is also required to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [her] pain or other symptoms."  20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929 (c)(3)(iv).  Here, the ALJ did not consider or discuss the medical records from Drs. Prepetit and Barnes, as he must.[8]  See Corey v. Barnhart, 2002 WL 663130 *6-7 (S.D.

---

[8] As noted above, Dr. Prepetit initially prescribed Prozac and Trazodone for plaintiff, A.R. 211, and when plaintiff

Ind.) (ALJ erred in finding claimant did not have severe impairment or combination of impairments without considering the prescription medications claimant was taking); Cummings v. Apfel, 2000 WL 343357, *9 (E.D. La.) (reversing and remanding ALJ's conclusion claimant did not have severe impairment or combination of impairments, in part, because ALJ "fail[ed] to consider the affect of [claimant's] medications on her ability to work"). For these reasons, the ALJ's failure to properly consider the opinions of plaintiff's treating and examining physicians is legal error, and the Step Two finding is not supported by substantial evidence. Smolen, 80 F.3d at 1286.

## V

When the ALJ's decision is not supported by substantial evidence, the Court has the authority to affirm, modify, or reverse the decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Generally, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004). Here, remand is appropriate because the ALJ improperly determined at Step Two that plaintiff does not have a severe mental impairment. Webb, 433 F.3d at 688; Edlund, 253 F.3d at 1160.

## ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is

---

continued to complain she was depressed, not sleeping well and anxious, Dr. Prepetit increased the dosage of plaintiff's Prozac and also prescribed her Zyprexa. A.R. 208.

11

granted; and (2) the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:   July 9, 2007           /s/ Rosalyn M. Chapman
                                                  ROSALYN M. CHAPMAN
                                              UNITED STATES MAGISTRATE JUDGE

R&R-MDO\06-0733.MDO
7/9/07

12